## HILL et al. v. RANKIN.

(District Court, E. D. Oklahoma. May 24, 1923.)

### No. 2712.

Indians ⊚—18—Restricted allotments of Creek Indian dying intestate and without issue held to descend to heirs under the state law.

Under Act May 27, 1908, § 9, on the death intestate of a Creek allottee of restricted lands, single and without issue, both his homestead and surplus lands descend to his heirs according to the laws of the state of Oklahoma, whether or not such heirs are citizens of the Creek Nation.

In Equity. Suit by Nigee Hill and others against E. B. Rankin. Decree for defendant.

Jones & Foster, of Muskogee, Okl., for plaintiffs.

James J. Mars, of Sapulpa, Okl., for defendant.

WILLIAMS, District Judge. As to restricted lands in the Creek Nation, where descent was cast subsequent to the taking effect of Act of May 27, 1908 (35 Stat. 312, c. 199), is such descent affected by the provisos to section 6 of the Act of June 30, 1902 (32 Stat. 500, c. 1323), known as the Supplemental Agreement, which provides that only citizens of the Creek Nation, male and female, and their Creek descendants, shall inherit lands of the Creek Nation, and provided, further, that, if there be no person of Creek citizenship to take the descent and distribution of said estate, then the inheritance shall go to noncitizen heirs in the order named in said chapter 49 of Mansfield's Digest of Arkansas? Said section 6 has its prototype in the laws as ordained by Moses. See Josephus' Works, Antiquities of the Jews, book 4, c. 7, § 5, which is as follows:

"At this time the chief men of the tribe of Manasseh came to Moses and informed him that there was an eminent man of their tribe dead, whose name was Zelophehad, who left no male children, but left daughters, and asked him whether these daughters might inherit his land or not. He made this answer: 'That if they shall marry in their own tribe, they shall carry their estate along with them; but if they dispose of themselves in marriage to men of another tribe, they shall leave their inheritance in their father's tribe.' And then it was that Moses ordained that every one's inheritance should continue in his own tribe."

See, also, Numbers, c. 36, verses 5, 6, 7.

In this case descent was cast June 22, 1918, the date on which Gilbert Deere died. The second proviso to section 9 of said Act of May 27, 1908, provides:

"That if any member of the Five Civilized Tribes of one-half or more Indian blood shall die leaving issue surviving, born since March 4th, 1906, the homestead of such deceased allottee shall remain inalienable, unless restrictions against alienation are removed therefrom by the Secretary of the Interior in the manner provided in section 1 hereof, for the use and support of such issue, during their life or lives, until April 26th, 1931; but if no such issue survive then such allottee, if an adult, may dispose of his homestead by will free from all restrictions; if this be not done, or in the event the issue herein before provided for die before April 26th, 1931, the land shall then descend to the heirs, *according to the laws of descent and distribution of the state of Oklahoma* [italics mine] free from all restrictions."

⊚—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Said proviso to said section 9 relates to homesteads of allottees of one-half or more Indian blood who died leaving issue surviving born since March 4, 1906; such issue not receiving any allotment from the Creek Tribe. This proviso was inserted for their protection. Provision also is made that in case of death of such issue the allottee may dispose of said homestead by will, and if not by will the land shall descend to the heirs, whether full blood or not, according to the laws of descent and distribution of the state of Oklahoma, free from all restrictions. Why the provision as to the descent according to the laws of descent and distribution of the state of Oklahoma, unless such descent applies alike to the homestead and surplus, restricted and unrestricted? See Woodward v. De Graffenried, 238 U. S. 284, 35 Sup. Ct. 764, 59 L. Ed. 1310; McMurry et al. v. Producers' Oil Co. et al. (D. C.) 284 Fed. 181; McMurry v. Locke (C. C. A.) 287 Fed. 276.

Under the agreed statement of facts the land involved in this action constitute the allotment, both homestead and surplus, of Gilbert Deere, a member of the Creek Tribe and enrolled as a half-blood. On July 22, 1918, he died at the age of 14 years in Hughes county, Okl., intestate, unmarried and without any issue surviving. His father, Paro Deere, who survived him, was a noncitizen, in that he was enrolled as a member by blood of the Seminole Tribe, as descended from his mother, but in fact he was a Creek descendant by blood through his father. Prior to the death of said Gilbert Deere, his mother, Wunche Deere, who was enrolled as a full-blood member of the Creek Tribe, died, leaving no other issue than himself, and with only her mother, Nigee Hill, and brother, Tiller Hill, and sister Munna Hill, surviving, and without leaving any issue of any deceased brother or sister surviving; the said Nigee Hill and Tiller Hill and Munna Hill each and all being enrolled as full-blood members of the Creek Tribe.

From the agreed facts it appears that the records of the Commission to the Five Civilized Tribes show that the mother of said Paro Deere was an enrolled member of the Seminole Tribe of Indians, and his father, Lawyer Deere, was an enrolled member of the Creek Tribe of Indians. Subsequent to the death of the said Gilbert Deere, the complainants, Nigee Hill, Tiller Hill, and Munna Hill, filed in the county court of Hughes county, a court having jurisdiction of the estate of the said Gilbert Deere, deceased, a petition for the determination of heirship of said Gilbert Deere. On March 15, 1920, after a hearing, said court entered a judgment in which it was—

"adjudged and ordered that the said Paroah (or Paro, or Pelo) Deere, as he is sometimes called, be and he is hereby declared to be the sole and only heir at law of him the said Gilbert Deere, and that he take all the lands, effects, and property, both real and personal, whereof the said Gilbert Deere died seized, and that the said Nigee Hill, Tiller Hill, and all other claimants be forever barred from taking or claiming any right, title, or interest therein."

No appeal appears to have been prosecuted from said county court judgment. The court concludes that the plaintiffs are not entitled to prevail in this action, and an order will be entered, dismissing plaintiffs' bill.